

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Walter C. Pierson
Head, Executive Division
Department of State
Office of Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-6922
Re: Whether under the constitutional amendment adopted on August 25, 1945, (Sec. 2a, Art. VI, Constitution of Texas), the members of Texas State Guard are exempt from payment of the poll tax.

Your request for opinion, after referring to the constitutional amendment adopted on August 25, 1945, (Sec. 2a, Art. VI, Constitution of Texas), asks whether, under this amendment, the members of the "Texas State Guard" are exempt from payment of the poll tax.

The benefits of the above mentioned constitutional provision, by its terms, extend to members of "the armed forces <u>of the United States</u> or of <u>the</u> Armed Force Reserve <u>of the United States, or of any</u> branch or component part of such armed forces or Armed Force Reserve, or the United States Maritime Service or the United States Merchant Marine," except members of "the regular establishment of the United States Army, Navy, or Marine Corps," (undersocring ours). The Texas State Guard is not mentioned by name; and if its members be entitled to the exemption, it would be so because of inclusion in the general description quoted above

The forces and reserve described in the above mentioned provision are limited to those "of the United States." Military forces and organizations which do not meet this requirement are not included. So the question turns on whether the Texas State Guard, as a military force, is an instrument of the United States Government or merely a State organization; in other words, whether its members, as such, are engaged in the service of the federal government or solely in the service of the State of Texas.

The statutes expressly provide that the Texas State Guard is a part of the military forces of the State of Texas and the active militia of the State of Texas. The Governor of Texas is authorized to organize and maintain the Texas State Guard during the period that the Texas National Guard, or any part thereof, is in active federal service. Arts. 5765 and 5891a, Vernon's Ann. Civ. Statutes.

The Constitution of the United States (Sec. 8 of Art. I) provides that Congress shall have power:

"To provide for calling forth the Militia to execute the Laws of the Union, suppress Insurrections and repel Invasions;

"To provide for organizing, arming, and disciplining,the Militia, and for governing such Part of them as may be employed in the Service of the United States, reserving to the States respectively, the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress."

It further provides (Sec. 10 of Art. I) that:

"No state shall, without the Consent of Congress,... keep Troops, ..... in time of Peace, ....."

The Army of the United States, as defined in 10 U.S.C.A., Sec. 2, includes the "National Guard of the United States", and the "National Guard while in the service of the United States," whic are defined in 32 U.S.C.A., Sec. 4b, as follows:

"In this title, unless the context or subject matter otherwise requires--

"(a) 'National Guard' or 'National Guard of the several States, Territories, and the District of Columbia' means that portion of the Organized Militia of the several States, Territories, and the District of Columbia, active and inactive, federally recognized as provided in this Act and organized, armed, and equipped in whole or in part at Federal expense and officered and trained under paragraph 16, section 8, article I of the Constitution.

Hon. Walter C. Pierson, page 3


"(b) 'National Guard of the United States' means
a reserve component of the Army of the United States
composed of those federally recognized units and or-
ganizations and persons duly appointed and commissioned
in the active and inactive National Guard of the several
States, Territories, and the District of Columbia, who
have taken and subscribed to the oath of office pre-
scribed in section 112 of this title, and who have been
duly appointed by the President in the National Guard
of the United States, as provided in this title, and of
those officers and warrant officers appointed as pre-
scribed in sections 81 and 113 of this title, and of
those persons duly enlisted in the National Guard of
the United States and of the several States, Territor-
ies, and the District of Columbia who have taken and
subscribed to the oath of enlistment prescribed in
section 123 of this title. (June 3, 1916, c. 134, § 71,
as added June 15, 1933, c. 87, § 9, 48 Stat. 157)"

The following provisions of 32 U.S.C.A., Sec. 194, au-
thorize the establishment of State guards:

"(a) No State . . . shall maintain troops in time
of peace other than as authorized in accordance with
the organization prescribed under this title. . . .

"(b) Under such regulations as the Secretary of
War may prescribe for the organization, standards of
training, instruction, and discipline, the organiza-
tion by and maintenance within any State. . . . of
such military forces other than a National Guard as
may be provided by the laws of such State. . . . is
hereby authorized while any part of the National Guard
of the State . . . . concerned is in active Federal
service . . . Provided further, That such forces
shall not be called, ordered, or in any manner drafted,
as such, into the military services of the United States;
however, no person shall, by reason of his membership
in any such unit, be exempted from military service under
any Federal law. . . . ."

Hon. alter C. Pierson, page 4

The Constitution of Texas (Sec. 46 of Art. XVI) provides:

"The Legislature shall provide by law for organizing and disciplining the militia of the State, in such manner as they shall deem expedient, not incompatible with the Constitution and Laws of the United States."

It further provides (in Sec. 7 of Art IV) :

"He (the Governor) shall be Commander-in Chief of the military forces of the State, except when they are called into actual service of the United States. He shall have power to call forth the Militia to execute the laws of the State, to suppress insurrections, repel invasions, and protect the frontier from hostile incursions by Indians or other predatory bands."

It is apparent from an examination of the Texas statutes authorizing and governing the Texas State Guard that it was intended to be purely a State militia, organization, and not a part of the military forces of the United States. The following provisions are illustrative:

"Art. 5765. The militia of this State shall be divided into two (2) classes, the active and reserve militia. The active militia shall consist of organized and uniformed military forces of this State which shall be known as the Texas National Guard or the Texas State Guard as the case may be; the reserve militia shall consist of all those liable to service in the militia, but not serving in the Texas National Guard or the Texas State Guard. As amended Acts 1943, 48th Leg., p. 464, ch. 311, § 1.

"Art. 5891a.

"Sec. 1(a). "Whenever any part of the National Guard of this State is in active Federal service, the Governor is hereby authorized to organize and maintain within this State during such period, under such regulations as the Secretary of War of the United States may prescribe for their organization, standards

Hon. Walter C. Pierson, page 5

of training, instruction and discipline, such military forces as the Governor may deem necessary to defend this State. Such forces shall be composed of officers appointed and commissioned and assigned by the Governor or under his authority, to hold office and assignment during the pleasure of the Governor, and such able-bodied male citizens of the State and such able-bodied residents of the State who shall have declared their intention to become citizens of the United States, as shall volunteer for service therein, supplemented, if necessary, by men of the reserve militia enrolled by draft or otherwise as provided by law. . . .

"(b) Such forces shall be a part of the active militia and a component of the Military Forces of Texas and shall be additional to and distinct from the National Guard and shall be known as the Texas State Guard: Provided, however, that members of the Texas National Guard who are not at the time in Federal service may be used, under the authority of the Adjutant General, to command, instruct, train and administer all or any component of the Military Forces of this State, including such State Guard. As amended, Acts 1943, 48th Leg., p. 464, ch. 311, § 2. . . .

"Sec. 2(a) The Governor is hereby authorized to prescribe rules and regulations not inconsistent with the provisions of this Act governing the enlistment, organization, administration, uniforms, equipment, maintenance, command, training and discipline of such forces; provided such rules and regulations, in so far as he deems practicable and desirable, shall conform to existing law governing and pertaining to the National Guard and the rules and regulations promulgated thereunder. . . .

"Sec. 7. Nothing in this Act shall be construed as authorizing such forces, or any part thereof, to be called, ordered, or in any manner drafted, as such, into the military service of the United States, but no person shall by reason of his enlistment or commission in any such forces be exempted from military service under any law of the United States. . . .

Hon. ˮalton C. Pierson, page 6

Although we have found no cases construing the Texas statute, the federal courts have held that officers of other State Guards are not members of any of the various components of the United States military forces. United States v. Herting, 48 F. Supp. 607 (Dist. Ct., 1943); Gaston v. United States, 34 A. (2d) 353, (Mun. Ct. of App., D. C., 1943), affirmed 143 F. (2d) 10 (Ct. App., D. C., 1944), certiorari denied, 64 S. Ct. 1286.

In our opinion, therefore, members of the Texas State Guard are not entitled to vote without payment of a poll tax, under the provisions of Sec. 2a, Art. VI, of the Constitution of Texas.

Your request further asks for advice as to "whether under the Constitution and laws of the State of Texas members of the Texas State Guard are to any extent exempt from payment of the poll tax" and, if so, "the extent and terms of such exemption."

We are enclosing herewith copies of our Opinions Nos. 0-5045 and 0-5808, which hold that members of the Texas State Guard, being members of the active militia of Texas, are entitled to a partial exemption and to a military poll tax receipt under Arts. 5840 and 5841, Revised Civil Statutes of Texas, upon compliance with the terms of said articles, and which discuss and interpret said articles. In addition, we call to your attention Arts. 5843 and 5344, which read as follows:

"Article 5843.

"To entitle any general, field or staff officer of the active militia of this State to said exemptions as set forth in this chapter, such officer shall between the first days of January and April of each year, file with the assessor of taxes for his county his certificate to the effect that he is an officer of the active militia of this State in good standing, and that he has faithfully discharged all the military duties required of him during the preceding year, and, on filing the certificate as herein required, such officer shall not be assessed for any poll tax whatever other than the poll tax of one dollar prescribed by the Constitution for the support of public schools for the current year; . . . .

"Article 5844.

"To entitle any non-commissioned staff officer,
member of the engineer or hospital corps, or any
other enlisted man of the active militia of this
State not belonging to the regular organization,to
the exemptions as set forth in the fourth preceding
article, such non-commissioned officer or soldier
shall prepare and file affidavits similar to the
certificate provided in the preceding article for
officers, with the assessor, . . . . of his county;
such affidavits shall be filed during the same period
and in the same manner as set forth above for offi-
cers.  On filing such affidavits, such non-commissioned
officer or soldier shall be entitled to the same ex-
emptions in the same manner as provided for such of-
ficers."

Summarizing the above, we hold that members of the Texas
State Guard:

(1) Are not entitled to vote without payment of
a poll tax under the provisions of Sec. 2a, Art. VI, of the Con-
stitution of Texas;

(2) Are, upon compliance with Arts. 5841, 5843 or 5844,
exempt from payment of poll taxes, except the one-dollar poll tax
prescribed by the Constitution for the support of the public
schools; and

(3) Are entitled to a poll tax receipt under Articles
5841, 5843 or 5844, upon compliance with the terms quoted and
payment of the one-dollar Constitutional tax.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Raymond A. Lynch,
Raymond A.Lynch,
Assistant

RAL:rt
Enols.2